IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH WAYNE BELL, #1798445,   §<br>           Petitioner,                            §<br>                                                    §<br>v.                                                §     CIVIL CASE NO. 3:17-CV-2671-L-BK<br>                                                    §<br>LORIE DAVIS, Director,                  §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Div.,        §<br>           Respondent.¹                     § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

I. BACKGROUND

Petitioner failed to sign the brief in support of his petition, Doc. 2 at 19. On October 10, 2017 and November 9, 2017, the Court issued orders advising Petitioner of the deficiency and that, if he intended to proceed with this federal habeas corpus action, all his federal pleadings, including the brief in support of his federal petition, must be signed by him. Doc. 10; Doc. 12. *See* FED. R. CIV. P. 11 (providing that all pleadings must be signed "by a party personally if the

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of the petitioner. Because Petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. TDCJ-CID Director Lorie Davis is therefore substituted and the County Court at Law of Navarro County is terminated as a defendant. Petitioner may object to this substitution within 14 days after being served with a copy of this recommendation. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

party is unrepresented"). The November 9, 2017 order extended the deadline for Petitioner's compliance *sua sponte* to December 7, 2017. As of the date of this recommendation, however, Petitioner has failed to respond to the Court's order to cure the deficiency in his pleadings, nor has he sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[2]

---

[2] A review of his petition and the electronic state habeas record (obtained through the Texas Court of Criminal Appeals) reflects that Petitioner filed his federal petition more than nine months after the one-year limitations period expired in December 2016. Thus, no prejudice will result from the dismissal of the untimely petition.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SIGNED** January 3, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F̲ED̲. R̲. C̲IV̲. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE